IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| United States of America, | ) | Cr. No. 10-00349 HG-1 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| William Clifford, | ) | |
| Defendant. | ) | |

**ORDER GRANTING THE GOVERNMENT'S RULE 35(b) MOTION FOR DOWNWARD DEPARTURE IN SENTENCING (DOC. 54)**

On February 1, 2012, the Government filed a Motion for Downward Departure in Sentencing pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. (Doc. 54). Defendant William Clifford is serving a sentence of 240 months imprisonment for attempting to possess with intent to distribute 50 grams or more of methamphetamine. (Doc. 51). The Government requests a reduction of Defendant's sentence on the ground that the Defendant has provided substantial assistance in the investigation and prosecution of another person, and recommends that his sentenced be reduced by 12 months. The Defendant argues that a 12 month reduction in his sentence does not sufficiently reflect the value of his assistance, and requests that his sentence be reduced by 96 months.

The Government's Motion (Doc. 54) is **GRANTED.** Defendant's

sentence is reduced by 12 months.

## PROCEDURAL HISTORY

On March 17, 2011, Defendant William Clifford pled guilty to attempting to possess with intent to distribute 50 grams or more of methamphetamine. (Doc. 37).

On December 8, 2011, Defendant was sentenced to 240 months imprisonment, followed by 10 years of supervised release. (Doc. 50).

On February 1, 2012, the Government filed a Motion for Downward Departure in Sentencing pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. (Doc. 54).

On February 8, 2012, Defendant filed a Response. (Doc. 55).

On February 10, 2012, Defendant filed a Supplemental Response. (Doc. 56).

Pursuant to Local Rule 7.2(d), the Court elected to decide the Motion without a hearing.

## STANDARD

Federal Rule of Criminal Procedure 35(b)(1) provides:

(1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

A Rule 35 motion is essentially a plea for leniency and is

addressed to the sound discretion of the district court. <u>United States v. Smith</u>, 964 F.2d 885, 887 (9th Cir. 1992); <u>United States v. Hooton</u>, 693 F.2d 857, 859 (9th Cir. 1982).

**ANALYSIS**

The Government seeks a reduction of Defendant's sentence for the Defendant's substantial assistance in the criminal investigation and prosecution of another person. According to the Government, the Defendant informed the United States Attorney's Office that he had received prison contraband (two mobile phones) from a Federal Detention Center Corrections Officer. Defendant's assistance led to the successful prosecution of the Officer. The Government recommends that Defendant's sentence be reduced by 12 months.

Defendant argues that a reduction of 12 months does not sufficiently account for the value of his assistance, and requests that his sentence be reduced by 96 months. Defendant also requests that the Court hold an evidentiary hearing to receive testimony from the Defendant and others regarding the value of Defendant's assistance. Defendant disputes the Officer's characterization of the matter, which is set forth in an affidavit attached to the Government's Motion. Defendant admits, however, that he was romantically and sexually involved with the Officer. Defendant claims it was the Officer who

pursued him romantically and was the aggressor in the situation. After informing the Government that the Officer was providing him contraband, Defendant states that he has received the "cold shoulder" from both guards and inmates. Based on these circumstances, Defendant argues that a 12 month sentence reduction does not adequately reward him for his assistance to the Government.

Federal Rule of Criminal Procedure 35(b) authorizes the Court, on the Government's motion, to reduce a defendant's sentence "if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." A Rule 35(b) reduction "must be related to the degree of assistance rendered," but the district may also "consider factors other than assistance, including those listed in 18 U.S.C. § 3553(a)." United States v. Tadio, 663 F.3d 1042, 1043 (9th Cir. 2011). The decision whether to grant a Rule 35(b) reduction and the amount of reduction imposed is within the discretion of the district court and is generally not appealable. Id. The decision to conduct an evidentiary hearing on a Rule 35(b) motion "is a matter left to the sound discretion of the district court." United States v. Pridgen, 64 F.3d 147, 150 (4th Cir. 1995); see also United States v. Yesil, 991 F.2d 1527, 1531 (11th Cir. 1992) ("[T]he decision whether or not to grant an evidentiary hearing generally is committed to the discretion of

4

the district court.").

The Court finds that the Defendant substantially assisted the Government in the investigation and prosecution of criminal activity. A reduction of Defendant's sentence pursuant to Federal Rule of Criminal Procedure 35(b)(1) is appropriate. As the Defendant in his briefing submitted a statement that details the nature of his assistance, and the Government provided the officer's version of his assistance, the Court finds that an evidentiary hearing is unnecessary.

Based on the nature of Defendant's cooperation, the Court reduces Defendant's sentence of imprisonment to 228 months. The Defendant's unclean hands in accepting unauthorized gifts of contraband as well as engaging in a romantic and sexual relationship over a period of time is considered by the Court and militates against a greater sentence reduction. Given the circumstances of Defendant's criminal conduct and substantial assistance, the Court finds a reduction of 12 months to a sentence of 228 months to be consistent with the Sentencing Guidelines and the Sentencing Commission's policy statements.

## CONCLUSION

For the reasons stated above, the Government's Motion for Downward Departure in Sentencing pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure (Doc. 54) is **GRANTED**.

Defendant's sentence of 240 months imprisonment is reduced to 228 months.  All other aspects of Defendant's sentence, including the 10 years of supervised release, remain unchanged.

IT IS SO ORDERED.

Dated: March 23, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

United States v. William Clifford, Crim. No. 10-00349 HG; ORDER GRANTING THE GOVERNMENT'S RULE 35(b) MOTION FOR DOWNWARD DEPARTURE IN SENTENCING (DOC. 54).